UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**NORMAN PETE**                                                    **CIVIL ACTION**

**VERSUS**                                                         **NO. 15-1464**

**SANDY McCAIN**                                                   **SECTION: "H" (5)**

**ORDER AND REASONS**

The Plaintiff, Norman Pete ("Pete"), is incarcerated in the Rayburn Correctional Center. He is a frequent filer of frivolous lawsuits in this court. He filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against the Warden of Rayburn Correctional Center, alleging that despite his past physical altercation with an inmate and self-proclaimed enemy, they are still assigned to the same living quarters. (Rec. Doc. 5, Complaint, p. 3). He requests monetary compensation and injunctive relief.

With his complaint, Pete submitted an application to proceed *in forma pauperis* pursuant to Title 28 U.S.C. § 1915. This is a non-dispositive pretrial matter which was referred to the undersigned magistrate judge pursuant to Local Rule 72.1 (B)(1) and Title 28 U.S.C. §636(b).

The Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321, now codified at Title 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a

civil action pursuant to § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or for failure to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

Pete has submitted at least nine civil rights complaints in this court alone while he was incarcerated. The court's records establish that at least three of Pete's prior civil rights complaints were dismissed as frivolous, including the following: *Pete v. Foti*, C.A. No. 88-4459 "D"(6) (E.D. La. 1988); *Pete v. Foti*, C.A. No. 89-0813 "C"(2) (E.D. La. 1989); *Pete v. Foti*, C.A. No. 89-4277 "D"(4) (E.D. La. 1989).[1] Pete's current claims do not involve imminent danger to his physical safety. His complaint is vague and conclusory and completely devoid of any facts or circumstances surrounding the alleged incident. He has not provided any date(s) for the past physical altercation and does not indicate any physical threat or incident at this time. Moreover, his admission that he has not presented his claims to prison officials via any prisoner grievance procedure implies there is no actual imminent danger to his physical safety.

For the foregoing reasons, **IT IS ORDERED** that Pete's motion to proceed *in forma pauperis* is **DENIED** pursuant to Title 28 U.S.C. § 1915(g).

New Orleans, Louisiana, this __18th__ day of _____May_____, 2015.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[1] He has been denied the privilege of proceeding *in forma pauperis* in the past pursuant to 28 U.S.C. 1915(g) because he has acquired three strikes under the PLRA. *See e.g.*, *Norman Pete v. Marlin Gusman*, 07-3776 "R"(4) (E.D. La. Aug. 20, 2007); *Norman Pete v. Orleans Parish Criminal Sheriff's Office, et al.*, 04-2139 "J"(4) (E.D. La. Sep. 7, 2004).